UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JANE DOE                                             CIVIL ACTION

VERSUS                                               NO: 15-438

ASTRAZENECA PHARMECEUTICALS,                         SECTION: J(2)
LP, ET AL

**ORDER AND REASONS**

Before the Court is a *Motion to Dismiss and Amend Case Caption* (**Rec. Doc. 15**) filed by Defendant, AstraZeneca Pharmaceuticals, LP ("AstraZeneca"), and an *Opposition* thereto (**Rec. Doc. 17**) by Plaintiff, Jane Doe ("Plaintiff"). Plaintiff has requested that the Court conduct Oral Argument on the instant motion. (Rec. Doc. 18). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED**.

**PROCEDURAL AND FACTUAL BACKGROUND**

In her complaint, Plaintiff, who has requested that her identity remain anonymous, alleges that she sustained adverse effects from her use of Seroquel and/or Seroquel XR, and their generics, Quetiapine and Quetiapine Fumarate, respectively.

1

AstraZeneca is the manufacturer of Seroquel and Seroquel XR, whereas Quetiapine and Quetiapine Fumarate are manufactured by Defendants Lupin Pharmaceuticals, Inc. ("Lupin") and Teva Pharmaceuticals, Inc. ("Teva"). Seroquel, Seroquel XR, and their generics are approved by the U.S. Food and Drug Administration ("FDA") for treatment of schizophrenia and bipolar disorder. (Rec. Doc. 1, p. 4). Plaintiff alleges that she was prescribed Seroquel, Seroquel XR, Quetiapine, and Quetiapine Fumarate "for sleep." (Rec. Doc. 1, p. 4). Plaintiff further alleges that as a result of taking these prescription medications she sustained a litany of injuries including, "weight gain, inability to lose weight, medical complications, physical damages, pain and suffering, severe abdominal pain, gastrointestinal problems, hyperlipidia, mental anguish, [and] emotional distress," as well as a number of more personal injuries which Plaintiff preferred to describe in a document filed under seal. (Rec. Doc. 1, p. 8; Rec. Doc. 4). In her complaint, Plaintiff alleges that Seroquel, Seroquel XR, and their generics are "unreasonably dangerous" both because AstraZeneca failed to provide an adequate warning regarding the drugs' adverse effects to Plaintiff or her physician, and because the medications fail to conform to the express warranty that they are "safe, effective product[s]." (Rec. Doc. 1, pp. 11, 15). Upon Plaintiff's motion, on June 10,

2015, this Court dismissed Plaintiff's claims against Lupin and Teva, leaving AstraZeneca as the sole defendant in this matter.

AstraZeneca has filed the instant motion seeking dismissal of all Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and also requesting that the Court amend the case caption of this matter to disclose Plaintiff's identity pursuant to Federal Rule of Civil Procedure 10(a).

## **PARTIES' ARGUMENTS**

AstraZeneca first argues that all claims asserted by Plaintiff in her complaint which fall outside the scope of the Louisiana Products Liability Act ("LPLA") must be dismissed, as the LPLA provides the exclusive remedy for liability against a manufacturer for damage caused by its products. AstraZeneca further asserts that even those claims which the Court deems to fall within the scope of the LPLA should be dismissed because Plaintiff has failed to allege sufficient facts to state a claim under any of the four theories of liability enumerated by the LPLA. AstraZeneca also requests that the Court amend the caption of the case to reflect Plaintiff's true identity, because the present circumstances do not require that Plaintiff litigate anonymously.

In response, Plaintiff maintains that her complaint asserts plausible LPLA claims under theories of failure to provide

adequate warnings and failure to comply with an express warranty. Moreover, in her *Opposition*, Plaintiff requests leave to amend her complaint to include additional information to support a claim that Seroquel is unreasonably dangerous in construction or composition and/or in design, and to remove extra allegations pertaining to Defendants Teva and Lupin, who have been dismissed from this matter. Plaintiff also maintains that her complaint contains no claims beyond the scope of the LPLA. Finally, Plaintiff requests that the case caption be maintained to prevent disclosure of her true identity, because this lawsuit would reveal private information regarding her medical condition.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his

4

claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S.at 678.

## DISCUSSION

### A. Non-LPLA Claims

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products," and "a claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not

5

set forth in [the LPLA]." La. Rev. Stat. Ann. § 9:2800.52 (2014). AstraZeneca contends that "it is unclear from the pleading which claims are being asserted under the LPLA or otherwise," and submits that all non-LPLA claims asserted by Plaintiff must be dismissed pursuant to Rule 12(b)(6). (Rec. Doc. 15-1, p. 4). In response, Plaintiff maintains that "there are no non-Louisiana Products Liability Act claims in this case." (Rec. Doc. 17, p. 10).

The Court agrees with AstraZeneca that it is difficult to determine from Plaintiff's complaint and *Opposition* the exact type and number of claims she is attempting to assert against AstraZeneca and whether these fall within or outside the scope of the LPLA. Therefore, to the extent that Plaintiff's complaint contains non-LPLA claims, these are preempted by the LPLA. *See Davis v. Teva Pharm. USA, Inc.*, No. 13-6365, 2014 WL 4450423, at *4 (E.D. La. Sept. 10, 2014) (citing *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002)).

### B. **LPLA Claims**

AstraZeneca next asserts that Plaintiff has failed to state a plausible claim under any of the four theories of liability provided for by the LPLA. AstraZeneca specifically contends that Plaintiff's complaint contains only "irrelevant factual assertions and legal conclusions," and is devoid of sufficient

6

relevant factual allegations to state a plausible claim. (Rec. Doc. 15-1, p. 2). In response, Plaintiff argues that she has set forth a sufficient factual basis to support her claims under the LPLA, and that the additional factual information sought by AstraZeneca is information which is to be appropriately disclosed through the discovery process. (Rec. Doc. 17, p. 3). Plaintiff maintains that her complaint asserts plausible claims under the LPLA for the unreasonable danger of Seroquel and Seroquel XR under theories of failure to provide an adequate warning and failure to conform to an express warranty. (Rec. Doc. 17, p. 3). Moreover, Plaintiff requests the Court's leave to amend her complaint to assert additional claims under the LPLA for unreasonable danger in construction or composition and design, based on information which has come to light since the filing of her original complaint. (Rec. Doc. 17, p. 7).

In order to prevail on a claim brought pursuant to the LPLA, a plaintiff must establish the following elements: (1) that the defendant is a manufacturer of the product; (2) that a characteristic of the product was the proximate cause of the claimant's damage; (3) that the characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product. La. Rev. Stat. Ann. § 9:2800.54(A) (2014). The LPLA defines a product as

"unreasonably dangerous" if it meets at least one of the following criteria:

(1) The product is unreasonably dangerous in construction or composition
(2) The product is unreasonably dangerous in design
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided
(4) The product is unreasonably dangerous because it does not conform to an express warranty made by the manufacturer of the product.

La. Rev. Stat. Ann. § 9:2800.54(B); *see also Stahl*, 283 F.3d at 261; *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F.Supp. 241, 245 (E.D. La. 1996 (Vance, J.).

In her complaint, Plaintiff asserts that Seroquel and Seroquel XR were unreasonably dangerous as defined by the LPLA because they lacked adequate warnings and because they failed to conform to an express warranty provided by AstraZeneca. Despite labeling these claims as such, AstraZeneca asserts that Plaintiff has failed to allege sufficient facts to support claims under either of these theories of liability. Specifically, AstraZeneca notes that Plaintiff's complaint lacks information regarding the dates on which Plaintiff was prescribed the drugs, the duration and number of times Plaintiff took the drugs, and the dates on which she began experiencing adverse symptoms. (Rec. Doc. 15-1, p. 2). In response, Plaintiff maintains that these facts were unnecessary to state a plausible

claim. Despite not providing any additional facts in her *Opposition*, Plaintiff does provide the Court with nearly four unnecessary pages of direct citations of various provisions of the LPLA.

In order to maintain a failure-to-warn claim, "a plaintiff must demonstrate that the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." *Stahl*, 283 F.3d at 261 (citing La. Rev. Stat. Ann. § 9:2800.57(A) (2014)). Plaintiff's complaint contains unnecessarily repetitive legally conclusive assertions that AstraZeneca failed to provide adequate warnings to either Plaintiff or Plaintiff's physician regarding the nature and extent of the adverse effects of Seroquel and Seroquel XR. However, despite the lengthiness of Plaintiff's allegations, nowhere in her complaint does she make mention of any specific adverse effect of which AstraZeneca failed to warn, or assert a proper warning which she contends would have been appropriate. Due to the vagueness of Plaintiff's complaint, an issue remains regarding whether AstraZeneca failed to provide adequate warnings regarding specific adverse effects of the drugs. Plaintiff must amend her complaint to specifically allege the

reasons why the warnings provided by AstraZeneca regarding the adverse effects of Seroquel and Seroquel XR were inadequate.

In order to maintain a claim for failure to conform to an express warranty under the LPLA, a plaintiff must establish that: "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002) (citing La. Rev. Stat. Ann. § 9:2800.58 (2014)). In her complaint, Plaintiff repeatedly asserts that AstraZeneca "expressly warranted in its materials presented to the FDA, its website and upon information and belief[,] its marketing, promotional, and informational materials that Seroquel is a safe, effective product." (Rec. Doc. 1, p. 15). Plaintiff fails to reference specific promises or representations made by AstraZeneca or to explain how the drugs prescribed to her failed to conform to these representations. In order to proceed with this litigation, Plaintiff must amend her complaint to include sufficient factual allegations to support her claim for failure to conform with an express warranty.

In her *Opposition*, Plaintiff also requests leave to amend her complaint to include additional LPLA clams premised on Seroquel and Seroquel XR's unreasonable danger in construction or composition and design. (Rec. Doc. 17, p. 10). Federal Rule of Civil Procedure 15(a) provides that leave should be granted to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a). A decision to permit a party to amend pleadings lies within the sound discretion of the trial court. *Tyson v. Tanner*, No. 08-4445, 2010 WL 4808504, at *1 (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). Plaintiff asserts that since the filing of her complaint, she has become aware of additional testimony regarding the nature and adverse effects of Seroquel, on which she could base claims for unreasonably dangerous construction and design. (Rec. Doc. 7-8). The Court finds that leave to amend the complaint on this basis is appropriate. The Court, however, cautions counsel for Plaintiff that it will not suffice to file an amended complaint in which she alleges purely legal conclusions without any factual basis.

### C. Amendment of the Case Caption

Finally, AstraZeneca requests that the Court amend the case caption to reveal Plaintiff's true identity. AstraZeneca specifically asserts that Plaintiff has no right to proceed

11

anonymously, as she will suffer no injury other than mere embarrassment as a result of the disclosure of her real name. Plaintiff maintains that she should be permitted to litigate anonymously, because "even one sentence, revealing [her] name and stating that she has taken Seroquel will reveal that she has a mental condition diagnosis [sic] and she should be afforded privacy and protection." (Rec. Doc. 17, p. 10).

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint disclose the names of all parties involved. Fed. R. Civ. P. 10(a). This rule is not without exception, however, and in limited circumstances, a party may be permitted to proceed anonymously due to interests of privacy. *Doe v. Griffon Mgmt., LLC*, No. 14-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014) (Africk, J.). Although the Fifth Circuit has refused to adopt a "hard and fast" formula for determining whether a party should be permitted to litigate under a pseudonym, it has recognized that such a determination "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). "Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transsexuality, mental

12

illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Griffon Mgmt*., 2014 WL 7040390, at *2 (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)).

Plaintiff has failed to show that the present circumstances rise to those examples discussed in *Doe v. Griffon Management*. Plaintiff maintains that requiring her to litigate under her true identity would reveal that she suffers from mental illness. However, nowhere in her pleadings has Plaintiff ever asserted that she is afflicted with a mental condition. Instead, in her Complaint, she states that she was prescribed Seroquel and Seroquel XR "for sleep." (Rec. Doc. 1, p. 4). Because Plaintiff has failed to show that the circumstances of her complaint warrant anonymity, the Court concludes that the privacy interests at stake do not outweigh the "almost universal practice of disclosure." *See Stegall*, 653 F.2d at 186. Therefore, the caption of this case will be amended to reflect Plaintiff's true identity.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that AstraZeneca's *Motion to Dismiss and Amend Case Caption* (**Rec. Doc. 15**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file an amended complaint

within twenty-one (21) days, lest Plaintiff's claims be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the caption of this case be amended to reflect Plaintiff's true identity.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Oral Argument* (**Rec. Doc. 18**) is **DENIED**.

New Orleans, Louisiana this 5th day of August, 2015.

_____

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE