UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HARLA ROBERTSON                          CIVIL ACTION

VERSUS                                   NO: 15-438

ASTRAZENECA PHARMECEUTICALS,             SECTION: J(2)
LP, ET AL.

## ORDER AND REASONS

Before the Court is a *Motion to Disqualify Defendant's Counsel of Record* (**Rec. Doc. 26**) filed by Plaintiff, Harla Robertson ("Plaintiff"), and an *Opposition* thereto (**Rec. Doc. 30**) filed by Defendant, AstraZeneca Pharmaceuticals, LP ("AstraZeneca"). Plaintiff has requested that the Court conduct Oral Argument on the instant motion. (Rec. Doc. 27). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Harla Robertson originally filed suit against Defendant AstraZeneca in February 2015, asserting claims for inadequate warning and breach of express warranty under the Louisiana Products Liability Act ("LPLA"). (Rec. Doc. 1.) AstraZeneca filed a Motion to Dismiss for Failure to State a

1

Claim, which this Court granted. (*See* Rec. Doc. 15; Rec. Doc. 20.) However, this Court allowed Plaintiff leave to amend her complaint. (Rec. Doc. 20, at 11, 14.)

In her amended complaint, Plaintiff alleges that she sustained adverse effects from her use of Seroquel and/or Seroquel XR, and their generics, Quetiapine and Quetiapine Fumarate, respectively. AstraZeneca is the manufacturer of Seroquel and Seroquel XR, whereas Quetiapine and Quetiapine Fumarate are manufactured by Lupin Pharmaceuticals, Inc. ("Lupin") and Teva Pharmaceuticals, Inc. ("Teva").[1] Seroquel, Seroquel XR, and their generics are approved by the U.S. Food and Drug Administration ("FDA") for treatment of schizophrenia and bipolar disorder. (Rec. Doc. 21, at 6-7.)

Plaintiff alleges that she was prescribed Seroquel, Seroquel XR, Quetiapine, and Quetiapine Fumarate to treat her bipolar disorder and difficulty sleeping. (Rec. Doc. 21, at 3.) Plaintiff further alleges that as a result of taking these prescription medications she sustained a litany of injuries including, "weight gain, inability to lose weight, medical

---

[1] Upon Plaintiff's motion, on June 10, 2015, this Court dismissed Plaintiff's claims against Lupin and Teva, leaving AstraZeneca as the sole defendant in this matter.

complications, physical damages, pain and suffering, severe abdominal pain, gastrointestinal problems, hyperlipidia, chronic inflammation of the gall bladder, gall bladder removal, increased panic attacks, increased anxiety, depression, increased crying spells, suicidal [thoughts], suicidal [thoughts] due to chronic abdominal pain, mental anguish, emotional distress, [and] aggravation of pre-existing conditions." (Rec. Doc. 21, at 16-17.)

Plaintiff also filed a medical malpractice and breach of contract action arising out of her use of Seroquel against Dr. John Hunter, Dr. Paul Marquis, and Ochsner Clinic Foundation (hereinafter the "Malpractice Defendants"). (Rec. Doc. 30, at 1.) These claims are pending before the Louisiana Medical Review Panel and the Civil District Court for the Parish of Orleans. *Id.* at 1-2. AstraZeneca's counsel's law firm, Adams and Reese, also represents the Malpractice Defendants. *Id.* at 2. On September 21, 2015, Plaintiff has filed the instant motion seeking disqualification of Adams and Reese on the basis that the entire firm is subject to a conflict of interest under the Louisiana Rules of Professional Conduct. AstraZeneca opposed the motion on September 28, 2015.

## PARTIES' ARGUMENTS

Plaintiff asserts that Adams and Reese should be disqualified because (1) a concurrent conflict of interest exists under Rule 1.7, and (2) its attorneys have duties to prospective clients under Rule 1.18. Plaintiff asserts that Adams and Reese attorneys represent the Malpractice Defendants in a related proceeding in Louisiana state court. According to Plaintiff, the representation constitutes a direct adversity conflict, creating a non-consentable conflict of interest.

In its opposition, AstraZeneca raises three arguments. First, it argues that Plaintiff must meet a heightened standard to show disqualification is warranted because Plaintiff is not a current or former client of Adams and Reese. Second, AstraZeneca argues that Plaintiff waived the right to seek disqualification because she waited an unreasonable time to file her motion. Finally, AstraZeneca asserts that Plaintiff's motion fails on the merits because she alleged only a hypothetical conflict.

## LEGAL STANDARD

In considering whether an attorney has a conflict of interest that would warrant disqualification, courts look to

state and national ethical standards adopted by the court. *Babineaux v. Foster*, No. 04-1679, 2005 WL 711604, *1 (E.D. La. Mar. 21, 2005) (citing *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311-12 (5th Cir. 1995)). Accordingly, the instant motion must be resolved with reference to the Local Rules for the Eastern District of Louisiana, the American Bar Association Model Rules of Professional Conduct ("ABA Model Rules"), and the Louisiana Rules of Professional Conduct. *Babineaux*, 2005 WL 711604 at *1 (citing *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001)). The task is simplified by the fact that the Eastern District of Louisiana has adopted the State of Louisiana's Rules of Professional Conduct, which are identical to the ABA Model Rules in all respects relevant to this motion. *See* L.R. 83.2.4E, La. State Bar Art. XVI, ABA Model Rules of Professional Conduct.

As numerous district courts have recognized, the party seeking disqualification bears the burden of proving a conflict. *See, e.g.*, *Babineaux*, 2005 WL 711604, *2; *Parker v. Rowan Companies, Inc.*, No. 03-545, 2003 WL 22208569, *8 (E.D. La. Sept. 23, 2003); *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 730 (S.D. Tex. 2001). Generally, "courts do not disqualify an attorney on the grounds of conflict of interest unless the

former client moves for disqualification." *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976). Moreover, "[a] disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing. Therefore, notwithstanding the fundamental importance of safeguarding popular confidence in the integrity of the legal system, attorney disqualification, particularly the disqualification of an entire firm, is a sanction that must not be imposed cavalierly." *U.S. Fire Ins. Co.*, 50 F.3d at 1316.

The Louisiana Rules of Professional Conduct provide that an attorney may not represent a client if the representation will subject him to a "concurrent conflict of interest." La. Rules of Professional Conduct Rule 1.7(a). Such a conflict exists when "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *Id.* When a concurrent conflict exists, the lawyer may still undertake the representation if:

> (1) the lawyer reasonably believes that the lawyer
> will be able to provide competent and diligent

representation to each affected client; (2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

La. Rules of Professional Conduct Rule 1.7(b).

The Rules subject attorneys to similar duties with respect to their prospective clients. Even when no attorney-client relationship develops, an attorney cannot represent a person whose interests are "materially adverse" to those of the prospective client in the same or a substantially related matter if the prospective client revealed information to the lawyer that could be significantly harmful to him. La. Rules of Professional Conduct Rule 1.18(b), (c). However, the attorney can still undertake the representation if:

(1) both the affected client and the prospective client have given informed consent, confirmed in writing, or:
(2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and
(i) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
(ii) written notice is promptly given to the prospective client.

La. Rules of Professional Conduct Rule 1.18(d).

One lawyer's conflict of interest may be imputed to his entire firm. When an attorney is prohibited from representing a client under Rule 1.7 (current clients) or 1.9 (former clients), no other attorney in his firm may represent the client. La. Rules of Professional Conduct Rule 1.10(a). Similarly, when an attorney is prohibited from representing a client because he obtained information from a prospective client, no member of his firm can represent the client. La. Rules of Professional Conduct Rule 1.18(c). However, Rule 1.18 also provides a screening mechanism, described above, which allows other attorneys in the firm to represent the client despite the conflict. La. Rules of Professional Conduct Rule 1.18(d).

<u>**DISCUSSION**</u>

Plaintiff asserts that Adams and Reese should be disqualified because (1) a concurrent conflict of interest exists under Rule 1.7, and (2) its attorneys have duties to prospective clients under Rule 1.18. As the moving party, Plaintiff bears the burden of demonstrating a conflict of interest that warrants disqualification. Plaintiff's burden is

heightened here because she is not a former client of Adams and Reese.

First, Plaintiff failed to prove a conflict of interest under Rule 1.7. Adams and Reese represents AstraZeneca in this matter and the Malpractice Defendants in a related proceeding in state court. It does not represent AstraZeneca in a case against the Malpractice Defendants, or vice versa. Thus, no direct adversity conflict exists. Plaintiff also failed to demonstrate a material limitation conflict. She merely alleged that AstraZeneca and the Malpractice Defendants have "potential claims" against each other. (Rec. Doc. 26-3, at 2.) Plaintiff failed to allege any facts suggesting that Adams and Reese would be materially limited in its representation of either AstraZeneca or the Malpractice Defendants. Plaintiff alleged that the state-court claim may be removed to federal court and consolidated with this case, but this conflict is merely hypothetical at this stage of the litigation. *Id.* at 4. Moreover, even if a 1.7 conflict existed, such a conflict is curable.[2] Thus, disqualification is not warranted.

---

[2] Adams and Reese informed AstraZeneca of its representation of the Malpractice Defendants, and AstraZeneca waived any potential conflict of interest. Counsel offered to provide the waiver for in-camera

Second, Rule 1.18 does not apply in this case. Rule 1.18 outlines an attorney's duties to prospective clients. Here, Adams and Reese undertook representation of the Malpractice Defendants before Plaintiff filed the instant motion. The Malpractice Defendants are current clients of Adams and Reese, not prospective clients. Thus, Plaintiff failed to show that Rule 1.18 applies. Because Plaintiff failed to show a conflict under Rule 1.7 or 1.18, she also failed to demonstrate that any conflict was imputed to the entire firm under Rule 1.10.

Because Plaintiff's motion fails on the merits, it is unnecessary for this Court to consider AstraZeneca's waiver argument.

## CONCLUSION

Accordingly,

---

review by this Court. AstraZeneca did not mention whether the Malpractice Defendants also consented to the potential conflict of interest. However, because this Court finds that Plaintiff failed to prove a conflict, proof of consent is not necessary to decide this motion.

**IT IS HEREBY ORDERED** that Plaintiff Harla Robertson's *Motion to Disqualify Defendant's Counsel of Record* (**Rec. Doc. 26**) is **DENIED**.

**IT IS FURTHER ORDERED** that Oral Argument on this matter, scheduled for October 7, 2015, is **CANCELED**.

New Orleans, Louisiana this 30th day of September, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT COURT